IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ALICHA BICE**                                                                 **PLAINTIFF**

V.                    NO. 3:22-CV-00142-JTK

**SOCIAL SECURITY ADMINISRATION**                          **DEFENDANT**

**ORDER**

I. **Introduction:**

Plaintiff, Alicha Bice ("Bice"), applied for disability benefits on June 3, 2019. (Tr. at 19). In the application, Bice alleged disability beginning on February 1, 2019. *Id*. The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Bice's application on March 15, 2021. (Tr. at 19-28). The Appeals Council denied her request for review on May 11, 2022. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Bice has requested judicial review.

For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

II. **The Commissioner's Decision:**

The ALJ found that Bice had not engaged in substantial gainful activity since

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

the alleged onset date of February 1, 2019.[2] (Tr. at 21). At Step Two, the ALJ found that Bice had the following severe impairments: coronary artery disease, obesity, bilateral knee degenerative joint disease, left foot dysfunction, and cervical spine dysfunction. (Tr. at 22).

At Step Three, the ALJ determined that Bice's impairments did not meet or equal a listed impairment. (Tr. at 23). Before proceeding to Step Four, the ALJ determined that Bice had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with some additional limitations: (1) she can no more than occasionally climb ramps and stairs; (2) she can no more than occasionally balance, stoop, kneel, crouch, and crawl; and (3) she can never climb ladders, ropes, or scaffolds. *Id*.

At Step Four, the ALJ determined that Bice is unable to perform past relevant work. (Tr. at 26). At Step Five, the ALJ relied upon testimony from a Vocational Expert ("VE") to find that, based on Bice's age, education, work experience and RFC, she could perform work in the national economy. (Tr. at 26-28). Therefore, the

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

ALJ concluded that Bice was not disabled. *Id.*

## III.  Discussion:

### A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co.*

3

*v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. Bice's Arguments on Appeal

Bice contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that the ALJ did not properly evaluate Bice's subjective complaints, that the RFC did not fully incorporate her limitations, and that the ALJ did not conduct a proper analysis of Bice's migraine headaches. The Court finds support for Bice's third argument.

Bice suffered from migraines, which caused a significant impact on her ability to work. In spite of taking a number of medications daily for headaches, they persist, and the headaches require her to lie down in a dark room for several hours. (Tr. at 50-51). She is not able to tolerate some of the medications' side effects: one of her doctors wrote that "hydromorphone seems to have caused significant side effects." (Tr. at 1311-1314). When Bice worked at Dollar General, she had to leave work early at least once or twice a week. (Tr. at 50-51). Bice's doctor filled out a Migraine Headache Form on September 27, 2019. (Tr. at 256-257). It stated that Bice had daily headaches lasting three to four hours, and had associated phonophobia and photophobia. *Id*. The doctor wrote that if Bice were working, the migraines would

4

interfere and cause her to miss less than one day of work per week. *Id*.

Bice has difficulty concentrating due to headaches, and aggravating factors include flashing lights, strong perfumes and bending forward. (Tr. at 1071-1075, 1317-1321). There was some improvement in headache symptoms in 2020, but Bice continued aggressive medication management.

The ALJ did not find migraines to be a severe impairment at Step Two.[3] (Tr. at 22). This may have been an opinion writing error, but the Court cannot tell for sure. The ALJ discussed migraines in the opinion, observing that "daily headaches with occasional breakthrough headaches require Bice to take nausea medicine and lie down, causing her to miss work once or twice a week due to her headaches." (Tr. at 25). The ALJ asked the VE if this type of absenteeism would preclude all work and the VE said yes it would (meaning that Bice could not work due to her impairments). (Tr. at 62). But confoundingly, the ALJ did not include absenteeism in the RFC, or even include any environmental hazard restrictions, which are usually in place when a claimant has severe headaches. (Tr. at 23). In fact, Bice's doctor reported that headaches were accompanied by photophobia and phonophobia, but neither was included in the RFC. *Id.*

---

[3] A "severe" impairment significantly limits a claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c); 416.920(c).

Perhaps the failure to account for headaches as a Step Two impairment led to subsequent failures by the ALJ. But the Court concludes that headaches may have had a greater impact on Bice's functional capacity than the ALJ allowed. The ALJ's handling of headaches was inconsistent, and insufficient.

**IV.   Conclusion:**

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ did not properly analyze Bice's chronic headaches. The decision is hereby reversed and the case remanded with instructions for further review.

IT IS SO ORDERED this 24th day of May, 2023.

_____
UNITED STATES MAGISTRATE JUDGE